NOT RECOMMENDED FOR PUBLICATION
File Name: 07a0445n.06
Filed: June 25, 2007

No. 06-4314

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| PATRICK G. ZBUKA, SR., | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| MARATHON ASHLAND | ) | NORTHERN DISTRICT OF OHIO |
| PETROLEUM, LLC, | ) | |
| | ) | |
| Defendant-Appellee. | ) | OPINION |
| | ) | |

**Before: GILMAN, GIBBONS, and GRIFFIN, Circuit Judges.**

**PER CURIAM**. Patrick G. Zbuka, Sr. had been an employee of Marathon Ashland Petroleum, LLC or its predecessor since 1979. In June of 2004, following two costly mishaps involving Zbuka, Marathon gave him the choice of either retiring or being terminated. He chose to retire. Thereafter, Zbuka filed an action in federal district court alleging that Marathon violated § 510 of the Employee Retirement Income Security Act (ERISA) by interfering with his right to continue earning benefits under Marathon's employee pension plan. Zbuka also argued that Marathon's offer to permit him to retire instead of being terminated violated § 510 by cutting off his right under the collective bargaining agreement to grieve his termination. The district court granted Marathon's motion for summary judgment, and Zbuka timely appealed.

After carefully considering the record on appeal, the briefs of the parties, and the applicable law, and having had the benefit of oral argument, we agree with the district court's grant of summary judgment in favor of Marathon. To the extent Zbuka claims that his termination violated § 510 because it interfered with his right to continue accruing benefits under the Plan, the district court carefully and thoroughly explained why this argument fails. A detailed written opinion by us covering the same ground would therefore be unduly duplicative. The judgment rendered on that issue by the Honorable James G. Carr, Chief Judge of the United States District Court for the Northern District of Ohio, is accordingly affirmed on the basis of the reasoning set forth in his Opinion dated August 25, 2006.

Judge Carr also held that the court lacked jurisdiction over Zbuka's claim regarding his grievance rights. We decline to reach this issue because we conclude that Zbuka's complaint raised no such stand-alone claim. Instead, Zbuka alleged at most that Marathon's interference with his grievance rights violated § 510 of ERISA. The crux of this claim is that, had Zbuka successfully grieved his termination instead of being allegedly lured into retirement by Marathon, he could have continued working and accruing benefits. This argument thus boils down to nothing more than an attenuated version of Zbuka's initial claim, which the district court properly rejected. In sum, any alleged interference with Zbuka's right to grieve his termination does not amount to an interference with his rights under the Plan and therefore fails to state a valid claim under § 510.

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.